Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA CORSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HATCHET HALL CATERING, LLC, a California Limited Liability Company; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

LISA CORSON, by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff LISA CORSON ("CORSON") is an individual residing in Los Angeles, California. She is an editorial and commercial photographer whose travel photography, which often depicts the American West and Southern California, can be regularly found in the pages of publications of regional, national, and international renown, including Sunset Magazine, House & Garden, Country Living, San Francisco Magazine, and M Le Magazine du Monde.

5. Upon information and belief, Plaintiff alleges that Defendant HATCHET HALL CATERING, LLC ("HATCHET") is a California limited liability company, with its primary place of business located at 12517 West Washington Blvd, Los Angeles, California 90066, and is the owner of the website http://www.hatchethallla.com/.

6. Upon information and belief, Plaintiff alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants DOES 1 through 10 by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Upon information and belief, Plaintiff alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all

times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

8. CORSON owns the original photograph shown below (the "Subject Photograph") which was registered with the United States Copyright Office on January 15, 2019 under U.S. Copyright Reg. No. VA 2-134-343:

**Subject Photograph**



9. Upon information and belief, Plaintiff alleges that following the publication and display of the Subject Photograph, HATCHET, DOE Defendants, and each of them used the Subject Photograph without Plaintiff's authorization or

consent for commercial purposes in various ways, including on the website http://www.hatchethallla.com/press.

10. A screen capture of said use is set forth hereinbelow:



**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement - Against All Defendants, and Each)**

11. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

12. Upon information and belief, Plaintiff alleges that Defendants, and each of them, had access to the Subject Photograph, including through Plaintiff's website and social media accounts or viewing the Subject Photograph on search engines or third-party websites (e.g., Tumblr, Pinterest, etc.).

13. Upon information and belief, Plaintiff alleges that Defendants, and each of them, displayed, reproduced, published, distributed, and otherwise used images of the Subject Photograph without Plaintiff's authorization or consent, including by exploiting said image in multiple website posts.

14. Due to Defendants', and each of their, acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

15. Due to Defendants', and each of their, acts of copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Photograph in an amount to be established at trial.

16. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants, as well as anyone working in concert with them, be enjoined from importing, manufacturing, distributing, offering for sale, selling, or otherwise trafficking in any product that infringes Plaintiff's copyright in and to the Subject Photograph, including an order enjoining Defendants, and each of them, from displaying, reproducing, and/or publishing the Subject Photograph;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 *et seq.*;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

  e. That Plaintiff be awarded the costs of this action; and

  f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: April 29, 2021      DONIGER/BURROUGHS

           By: */s/ Stephen M. Doniger*
             Stephen M. Doniger, Esq.
             Benjamin F. Tookey, Esq.
             *Attorneys for Plaintiff*